UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARKFORGED, INC., <br><br> Plaintiff, <br><br> v. <br><br> DESKTOP METAL, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-11635-WGY |

**DESKTOP METAL'S**
**MOTION TO CONFIRM ARBITRATION AWARD**

Defendant Desktop Metal, Inc. ("Desktop Metal") respectfully submits this Motion to Confirm the Arbitration Award and for an entry of judgment in conformity with the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9-13.

## PRELIMINARY STATEMENT

In the Fall of 2018, four days into a jury trial before this Court, the parties resolved their disputes and entered into a settlement agreement. ECF 13-3 "Settlement Agreement" ¶¶ 5-6. The Settlement Agreement required the parties to arbitrate—under JAMS Streamlined Rules—disputes relating to non-disparagement and confidentiality of the agreement. *Id*.

In July 2019, Markforged brought suit in this Court alleging breach of the Settlement Agreement and related claims. ECF 1. In October 2019, the Court granted Desktop Metal's motion to compel arbitration. ECF 27. The Honorable William Cowin (Ret.) of JAMS held a two-week arbitration hearing in December 2020. On February 26, 2021, the Arbitrator ruled in favor of Desktop Metal on all of Markforged's claims. Desktop Metal now moves to confirm the award and for an entry of judgment to put an end to this litigation.

## PROCEDURAL BACKGROUND

In September 2018, the parties entered into the Settlement Agreement. ECF 13-3. The Settlement Agreement provides that "[d]isputes regarding this [non-disparagement] provision ***shall be resolved by expedited arbitration pursuant to the JAMS Streamlined Arbitration Rules and Procedures***." *Id*. ¶¶ 5-6.

On July 31, 2019, Markforged brought suit in this Court, alleging that Desktop Metal "misrepresent[ed] the functionality of [Markforged's] products," *Id*. ¶ 5(a), purportedly in violation of the non-disparagement provision of the Settlement Agreement, M.G.L.c. 93A § 11, and the Lanham Act. ECF 1. On August 21, 2019, Desktop Metal moved to compel arbitration. ECF 13. On October 8, 2019, the Court granted the motion, compelling the parties to arbitrate the

1

dispute before JAMS under its Streamlined Rules.  ECF 27.  Markforged filed its Demand for arbitration on October 21, 2019.

On January 28, 2020, Markforged moved in JAMS to have the matter declared non-arbitrable.  On March 23, 2020, the Arbitrator held that Markforged was required to arbitrate all of its claims under the express terms of the Settlement Agreement.[1]

The parties commenced and completed discovery, and the Arbitrator held a two-week hearing beginning on December 7, 2020.  The parties submitted substantial post-hearing briefing (Markforged's brief exceeded 150 pages), and the Arbitrator heard closing arguments on January 27, 2021.

On February 26, 2021, the Arbitrator found for Desktop Metal on all of Markforged's claims and found no damages (the "Final Award"), awarding Markforged nothing.[2]  A copy of the Final Award is attached to the Declaration of Angela Colt and is submitted under seal.[3]  Markforged does not contest the Final Award.

## ARGUMENT

Judicial "review of arbitral awards is extremely narrow, and [courts] afford great deference to the arbitrator's decision-making process." *Hoolahan v. IBC Advanced Alloys Corp.*, 947 F.3d 101, 105 (1st Cir. 2020).  Indeed, a court's review of an arbitrator's ruling is "tightly circumscribed," *Axia Netmedia Corp. v. Massachusetts Tech. Park Corp.*, 973 F.3d 133, 140 (1st Cir. 2020), and "among the narrowest known in the law," *Raymond James Fin. Servs., Inc. v.*

---

[1] In May 2020, Markforged abandoned its Lanham Act claim.

[2] Although not pleaded before this Court, Desktop Metal brought a counterclaim in the arbitration for breach of the confidentiality provision of the Settlement Agreement.  The Arbitrator ruled in favor of Markforged on that claim.  Desktop Metal does not challenge the Arbitrator's ruling on that (or any) point.  The Arbitrator did not award costs or fees to either party.

[3] JAMS Rule 21, Paragraph 6 of the Settlement Agreement, and Paragraph 9 of the Protective Order in the Arbitration require confidentiality of the Arbitration and the Final Award and that the Final Award be submitted to the Court under seal.

*Fenyk*, 780 F.3d 59, 63 (1st Cir. 2015).  This is so because the "parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge," and thus "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987).

The Court must approve an application for an order confirming an arbitration award unless the Court vacates, modifies, or corrects the award under sections 10 and 11 of the FAA.  9 U.S.C. § 9.  The Court may vacate an award only if  "(1) the award was procured by corruption, fraud, or undue means, (2) there was evident partiality or corruption on the part of the arbitrator, (3) the arbitrator is guilty of misconduct that prejudices the rights of a party, including refusing to postpone the hearing when sufficient cause has been shown and refusing to hear evidence that is pertinent and material to the controversy, or (4) the arbitrator exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Axia Netmedia*, 973 F.3d at 140–41; 9 U.S.C. § 10(a).

None of these situations is applicable here.  Federal courts "do not sit ... to hear claims of factual or legal error by an arbitrator or to consider the merits of the award." *Axia Netmedia*, 973 F.3d at 143.  Indeed, "even if the Arbitrator committed serious factual error . . . that would not justify setting aside the arbitral decision." *Id*.  Not so here.  The Arbitration Award is grounded in the record and the parties' agreement.  The arbitrator did not exceed the scope of his powers under section 10(a)(4) of the FAA.  *See id*.  Accordingly, and because Markforged does not contest the Final Award, it should be confirmed without delay.

## CONCLUSION

For the foregoing reasons, Desktop Metal respectfully requests that the Court enter an Order confirming the Arbitration Award and directing that judgment be entered against Markforged and in favor of Desktop Metal.

Dated: March 11, 2021                                  Respectfully submitted,

        /s/ Angela Colt
        Angela Colt (*pro hac vice*)

        ORRICK, HERRINGTON & SUTCLIFFE LLP
        51 West 52nd Street
        New York, NY 10019-6142
        Telephone: +1 212 506 5000
        acolt@orrick.com

        Robert S. Shwarts (*pro hac vice*)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        405 Howard Street
        San Francisco, CA 94105
        Telephone: +1 415 773 5700
        rshwarts@orrick.com

        Sheryl Koval Garko (BBO # 657735)
        ORRICK, HERRINGTON & SUTCLIFFE LLP
        222 Berkeley Street, Suite 2000
        Boston, MA 02116
        Telephone: +1 617 880 1919
        sgarko@orrick.com

        *Attorneys for Defendant Desktop Metal, Inc.*

## **LOCAL RULE 7.1 CERTIFICATION**

I certify that Desktop Metal, Inc. has complied with the provisions of Local Rule 7.1 by conferring with counsel for Markforged, Inc. on or about March 5, 2021. Markforged does not contest the Final Award.

                                                                                                                   /s/ Angela Colt

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 11th day of March 2021.

                                                                                                                   /s/ Angela Colt